UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY BARKER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>EVERGREEN PROFESSIONAL RECOVERIES, INC.,<br><br>Defendant. | No. 2:19-cv-340<br><br>COMPLAINT—CLASS ACTION |

## I. NATURE OF THE ACTION

Jeffrey Barker, acting by and through his undersigned counsel, files this Complaint against Defendant Evergreen Professional Recoveries, Inc. (Evergreen) on his own behalf and on behalf of all others similarly situated, as provided by Fed. R. Civ. P. 23. Evergreen violated state and federal consumer protection laws when it made false and misleading statements in connection with its efforts to collect from Mr. Barker, including but not limited to falsely alleging in a debt collection lawsuit that Mr. Barker owed a debt which was, if anything, an alleged premarital debt of his spouse. Plaintiff seeks relief from Evergreen for the violations alleged below on his own behalf and for all others similarly situated, including without limitation

COMPLAINT- 1
Case No. 2:19-cv-340

SMITH & DIETRICH LAW OFFICES, PLLC
400 Union Ave SE, Suite 200
Olympia, WA  98501
(360) 918-7230

Plaintiff and the Class Members' actual damages and statutory liquidated damages, injunctive and declaratory relief, and their attorney's fees and costs for bringing this action.

## II. PARTIES

1.1     Jeffrey Barker (Plaintiff) is a resident of Thurston County within the Western District of Washington, and has resided there at all times material to this Complaint. Plaintiff is a consumer as that term is defined in 15 U.S.C. § 1692 *et seq*. with respect to an alleged debt that Evergreen Professional Recoveries, Inc. has attempted to collect from him.

1.2     Evergreen Professional Recoveries, Inc. (Evergreen, or Defendant) is a resident of King County, Washington, and is a for-profit corporation organized in the state of Washington with its principal place of business at 12100 NE 195th St., Suite 125, Bothell, WA 98011, within the Western District of Washington. Evergreen is engaged in the business of collecting debts by using the mail, telephone, and facsimile and regularly engages in business, trade, or commerce with a principal purpose to attempt to collect debts alleged to be due to another. Evergreen is a debt collector as defined in 15 U.S.C. § 1692 *et seq*., and a collection agency as defined in Chapter 19.16 RCW. The allegations in this Complaint as to acts and omissions by Evergreen shall be construed as allegations against the Defendant, whether such conduct was committed by Defendant directly, or through its agents or contractors. Evergreen does business as a debt collector in several other states as well as in the state of Washington.

## III. JURISICTION AND VENUE

3.1     This Court has jurisdiction over the claims asserted in this action under 28 U.S.C. §§ 1331, 1367, and 2201.

3.2     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1291(b)(2).

3.3     Plaintiff has authority to bring the claims in this action under 15 U.S.C. § 1692k and RCW 19.86.090.

COMPLAINT- 2
Case No. 2:19-cv-340

**SMITH & DIETRICH LAW OFFICES, PLLC**
400 Union Ave SE, Suite 200
Olympia, WA  98501
(360) 918-7230

# IV. FACTUAL BACKGROUND

**A.      Allegations Concerning Class Representative.**

4.1     Emily Ouhl opened a credit card account with Alaska USA Federal Credit Union several years prior to her marriage to Plaintiff Jeffrey Barker. Ms. Ouhl used her account for consumer personal, family, and household purposes, not for commercial purposes. Mr. Barker has never held an account with Alaska USA Federal Credit Union, nor has he been added as an account holder or signer to Ms. Ouhl's account at any time.

4.2     Ms. Ouhl and Mr. Barker were married on December 30, 2016. Since their marriage, neither of them has used Ms. Ouhl's Alaska USA Federal Credit Union credit card account to pay any charge. Their marital community has derived no benefit from Ms. Ouhl's former credit card, nor from any alleged pre-marital debt to Alaska USA Federal Credit Union.

4.3     Any outstanding indebtedness Emily Ouhl may have incurred to Alaska USA Federal Credit Union was incurred prior to Mr. Barker's marriage to Ms. Ouhl.

4.4     Evergreen filed an action in the Washington State District Court for Thurston County in December 2018, naming Mr. Barker and Ms. Ouhl as co-defendants. In its complaint, Evergreen alleged that it has been assigned the right to collect on Ms. Ouhl's account with Alaska USA Federal Credit Union. Prior to filing its lawsuit against Mr. Barker and Ms. Ouhl, Evergreen knew or should have known that Mr. Barker was never listed as a cosigner or account holder on the credit card account in question, if it had in fact received an assignment of the same as Evergreen alleged it had received from Alaska USA Federal Credit Union. Additionally, Evergreen knew or should have known the date when any debt Ms. Ouhl might owe to Alaska USA Federal Credit Union was allegedly incurred.

4.5     In its complaint, Evergreen alleged that it had a right to recover moneys from Mr. Barker "separately, and if married to [Emily Ouhl] at the time the debt was incurred, then against [Mr. Barker] separately and [his and Ms. Ouhl's] marital community, for $3963.81 principal"

COMPLAINT- 3
Case No. 2:19-cv-340

**SMITH & DIETRICH LAW OFFICES, PLLC**
400 Union Ave SE, Suite 200
Olympia, WA  98501
(360) 918-7230

1  plus costs. Evergreen caused copies of its lawsuit to be served upon Ms. Ouhl and Mr. Barker. The allegations were related to Ms. Ouhl's alleged debt to Alaska USA Federal Credit Union.

4.6   Mr. Barker does not owe any money to Evergreen or to Alaska USA Federal Credit Union, nor has he owed money to either entity at any time. He has neither a separate debt nor a community debt to either entity. *See, e.g.,* RCW 26.16.200 (premarital debts are separate debts of married couples).

4.7   At the time when it filed its lawsuit including claims against Mr. Barker, Evergreen made false or misleading statements including that Mr. Barker owed Evergreen money; that Mr. Barker's alleged debt to Evergreen was a separate debt; and that Mr. Barker's alleged debt to Evergreen was (possibly) a community debt. Evergreen's false or misleading statements were made with the intent to obtain payment from Mr. Barker for the amount alleged in its Complaint.

4.8   Evergreen's false or misleading claim that Mr. Barker owed Evergreen specified sums because he was obligated on Ms. Ouhl's account was material, because it called for him to pay Evergreen for the alleged indebtedness, when he owed Evergreen nothing.

4.9   The least sophisticated consumer in Mr. Barker's position would have been misled by Evergreen's statements into believing that he or she was liable for the amounts Evergreen alleged Mr. Barker owed because the debt in question was Mr. Barker's separate and community debt, when in fact Mr. Barker owed Evergreen nothing.

4.10   Mr. Barker was damaged by Evergreen's false and misleading statements, including by the expense of hiring counsel to defend him against Evergreen's false and misleading allegations in Evergreen's debt collection lawsuit, including the parking, gasoline, and other out-of-pocket costs he incurred in communicating with counsel about the case.

4.11   Evergreen's conduct described above has damaged the Class Representative, by causing him emotional distress, actual pecuniary losses, and reputational harm.

COMPLAINT- 4
Case No. 2:19-cv-340

SMITH & DIETRICH LAW OFFICES, PLLC
400 Union Ave SE, Suite 200
Olympia, WA  98501
(360) 918-7230

4.12 Evergreen's conduct in falsely and misleadingly claiming that it had the right to collect a spouse's alleged pre-marital debt, plus costs, from Class Representative Jeffrey Barker as a defendant in the state-court debt collection action violated 15 U.S.C. § 1692e(2)(A) and (B).

4.13 Evergreen regularly engages in debt collection communications and files debt collection lawsuits against consumers in Washington and other state courts, in an effort to obtain payment on debts that are or originally, were allegedly due to third parties. It files its complaints in debt collection cases using forms that are, in many if not all instances, substantially the same as those used in its case against Mr. Barker. On information and belief, Defendant routinely names a consumer and his or her spouse as codefendants in a debt collection action without taking adequate steps to verify whether the debt was incurred prior to marriage. At a minimum, Evergreen attempts to collect debts from hundreds of consumers (or more) in a typical year using telephone and mail communications, and Evergreen files hundreds of debt collection lawsuits (or more) against consumers in a typical year, in the State of Washington and elsewhere. On information and belief, Evergreen regularly names as defendants in its debt collection cases consumers residing in community property states, where the debt is in fact the consumer's spouse's alleged premarital debt, which is not both spouses' liability.

**B.    Class Action Allegations.**

4.14 The Class Representative brings this action on behalf of himself and on behalf of all others similarly situated ("the Classes"). In light of the vast scope of Defendant's debt-collection business, and the apparently routine nature of the practices at issue in this action, the members of the below-defined classes are, on information and belief, so numerous that joinder of all members is impracticable.

4.15 Plaintiff Jeffrey Barker proposes to represent, and is a member of the Classes defined below:

<u>National Fair Debt Collection Practices Act Premarital Debts Class</u>: All consumers residing in a community property state against whom Evergreen Professional Recoveries, Inc.

COMPLAINT- 5
Case No. 2:19-cv-340

SMITH & DIETRICH LAW OFFICES, PLLC
400 Union Ave SE, Suite 200
Olympia, WA  98501
(360) 918-7230

attempted to collect a consumer debt which in fact represented an alleged premarital debt of the consumer's spouse, for the time period beginning March 7, 2018. The Class excludes the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

<u>Washington Consumer Protection Act Premarital Debts Class</u>: All consumers residing in the State of Washington against whom Evergreen Professional Recoveries, Inc. attempted to collect a consumer debt which in fact represented an alleged premarital debt of the consumer's spouse as defined by Washington community property law, for the time period beginning March 7, 2015, and who suffered an injury to their business or property as a result. The Class excludes the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

4.16   Numerous questions of law and fact exist that are common to all members of each of the Classes, which questions predominate over any question affecting only individual class members. For example, the common issues of law include the following:

**1. FDCPA Premarital Debts Class**

    a.   Whether Evergreen made false or misleading statements by asserting claims against consumers residing in community property states for their spouses' alleged premarital debts?

    b.   Whether, and to what extent, Evergreen intentionally made false or misleading statements by asserting claims against consumers residing in community property states for their spouses' alleged premarital debts?

    c.   How frequently and persistently Evergreen made false or misleading statements by asserting claims against consumers for their spouses' alleged premarital debts?

    d.   What are the resources of Evergreen, including its net worth?

COMPLAINT- 6
Case No. 2:19-cv-340

SMITH & DIETRICH LAW OFFICES, PLLC
400 Union Ave SE, Suite 200
Olympia, WA  98501
(360) 918-7230

  e. How many persons were adversely affected by Evergreen's FDCPA violations?

**2. Washington CPA Premarital Debts Class**

  a. Whether Evergreen engaged in unfair or deceptive acts or practices in trade or commerce by asserting claims against Washington consumers for their spouses' alleged premarital debts?

  b. Whether Evergreen's conduct was injurious to the public interest?

  c. Whether Evergreen's conduct caused injury to the class members in their business or property?

  d. How many persons were adversely affected by Evergreen's Washington CPA violations?

4.17 The Class Representative's claims are typical of the claims of the class members. All are based on the same legal and remedial theories.

4.18 The Class Representative will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to claims stated herein. Mr. Barker is similarly situated with, and has suffered similar injuries as, the members of the classes he seeks to represent.

4.19 The Class Representative has retained counsel with experience representing consumers in lawsuits involving unfair and deceptive business practices and consumer law. Neither the named Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue this action.

4.20 A class action is superior to other available methods for the fair and efficient adjudication of this controversy. A large number of individual consumers are potentially members of the Classes, and it would be difficult if not impracticable to name each of them as plaintiffs.

4.21 This case may be maintained as a class action because Defendant's business practices at issue in this case—including but not limited to its failures to adequately vet debt collection claims which leads Defendant to sue innocent non-debtors in debt-collection actions—

COMPLAINT- 7
Case No. 2:19-cv-340

**SMITH & DIETRICH LAW OFFICES, PLLC**
400 Union Ave SE, Suite 200
Olympia, WA  98501
(360) 918-7230

1 are routine and apply generally to the class members. Fed. R. Civ. P. 23(b)(2). As a result, final injunctive relief or corresponding declaratory relief is appropriate respecting the classes as a whole.

4.22    This case may be maintained as a class action because the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3).  Class members are likely to have suffered relatively small individual losses from Defendant's conduct, lowering their interest in individually controlling the prosecution of separate actions. The undersigned counsel are presently unaware of any litigation concerning allegations like those in this Complaint by class members. It is desirable to concentrate claims in this forum given its convenience for the Defendant. No unique difficulties are presently apparent in managing this litigation as a class action. Fed. R. Civ. P. 23(b)(3)(A)-(C).

## V. CLAIMS

Plaintiff re-alleges and incorporates by reference all the allegations contained in the preceding paragraphs, and based on those allegations, makes the following claims:

5.1    <u>Claim One</u>: Defendant Evergreen Professional Recoveries, Inc., in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e *et seq*., unlawfully made false and misleading statements to Plaintiff Jeremy Barker and members of the FDCPA Premarital Debts Class, that the consumers owed Evergreen a separate and community debt which actually consisted of their spouse's alleged premarital debt. Evergreen's false and misleading statements were made in an effort to collect on an alleged debt. Mr. Barker may therefore recover statutory damages of up to $1,000 for Evergreen's violation of the statute, and members of the FDCPA Premarital Debts Class may recover their damages as permitted by 15 U.S.C. § 1692k, and Mr. Barker and Class Members may recover their attorney's fees and costs.

5.2    <u>Claim Two</u>: Defendant Evergreen Professional Recoveries, Inc., in violation of RCW 19.16.250(15) and (21) and RCW 19.86.020, unlawfully made false and misleading

COMPLAINT- 8
Case No. 2:19-cv-340

SMITH & DIETRICH LAW OFFICES, PLLC
400 Union Ave SE, Suite 200
Olympia, WA  98501
(360) 918-7230

statements to Plaintiff Jeremy Barker and members of the Washington CPA Premarital Debts Class, that Plaintiff and the Class Members owed Evergreen a separate and community debt which consisted of their spouse's alleged premarital debt. Plaintiff and the Class Members suffered injury to their business or property as a result of Defendant's unfair and deceptive acts or practices in trade or commerce, and those acts or practices were injurious to the public interest. Therefore, Mr. Barker and the members of the Washington CPA Premarital Debts Class may recover damages for Evergreen's violations of Washington's Consumer Protection Act including, without limitation, their actual damages and treble damages, and their attorney's fees and costs.

## VI. REQUEST FOR RELIEF

Based on the above allegations, Plaintiff requests the following relief as provided by law:

6.1 Certification of the proposed Classes;

6.2 Appointment of Plaintiff as representative of the Classes;

6.3 Appointment of undersigned counsel as counsel for the Classes;

6.4 A declaration that Defendant and/or its affiliates, agents and/or other related entities' actions complained of herein violate the Fair Debt Collection Practices Act, Chapter 19.16 RCW, and/or the Washington Consumer Protection Act;

6.5 Such remedies as the Court may deem appropriate under RCW 19.16.450, 19.86.090, and 15 U.S.C. § 1692 *et seq.*, including but not limited to temporary and permanent injunctive relief preventing the Defendant from committing future violations of laws concerning false and misleading statements in connection with debt collection, barring the collection and/or requiring the disgorgement of any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on any debt collection claim asserted by or on behalf of Defendant in connection with which Defendant committed a violation of RCW 19.16.250 as alleged above, and ordering the

COMPLAINT- 9
Case No. 2:19-cv-340

SMITH & DIETRICH LAW OFFICES, PLLC
400 Union Ave SE, Suite 200
Olympia, WA  98501
(360) 918-7230

1 Defendant to pay all damages suffered by Plaintiff and the Class Members, all to be determined
2 at trial;
3     6.6    Interest upon all amounts awarded by the Court as authorized by law, and all costs
4 of this action and a reasonable attorney's fee payable by the Defendant, as authorized by RCW
5 19.86.090 and 15 U.S.C. § 1692 *et seq.*, and by law and equity; and
6     6.7    Such other legal and equitable relief as this Court deems just and proper.
7 Dated this 7th day of March, 2019.

SMITH & DIETRICH LAW OFFICES PLLC

*s/ Walter Smith*
Walter M. Smith (WSBA No. 46695)
 walter@smithdietrich.com
Steve E. Dietrich (WSBA No. 21897)
 steved@smithdietrich.com
SMITH & DIETRICH LAW OFFICES PLLC
400 Union Ave. SE, Suite 200
Olympia, WA 98501
Phone: (360) 918-7230
COUNSEL FOR PLAINTIFF JEFFREY BARKER

COMPLAINT- 10
Case No. 2:19-cv-340

SMITH & DIETRICH LAW OFFICES, PLLC
400 Union Ave SE, Suite 200
Olympia, WA  98501
(360) 918-7230